```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

PERRY BROWN,

                Petitioner,

v.                                    Case No. 3:12-cv-1032-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                Respondents.
_____

## **ORDER**

### **I. Status**

Petitioner Perry Brown, an inmate of the Florida penal system, initiated this action on September 19, 2012, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254 with exhibits (P. Ex.). In the Petition, Brown challenges a 2007 state court (Clay County, Florida) judgment of conviction for aggravated battery on a law enforcement officer, resisting an officer with violence, and grand theft. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Response to Petition for Habeas Corpus (Response; Doc. 13) with exhibits (Resp. Ex.). On October 11, 2012, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 7), admonishing Brown regarding his obligations and giving Brown a time frame in which to submit a reply. Brown submitted a brief in reply.

See Reply to Respondents' Response to Petition (Reply; Doc. 16); Notice to the Court (Doc. 22). This case is ripe for review.

## II. Procedural History

On December 7, 2006, the State of Florida charged Brown with aggravated battery on a law enforcement officer (count one), resisting an officer with violence (count two), and grand theft (count three). Resp. Ex. A at 7-8, Information. Brown proceeded to trial in September 2007, see Resp. Exs. A and B, Transcripts of the Jury Trial (Tr.), at the conclusion of which, on September 11, 2007, a jury found him guilty of aggravated battery on a law enforcement officer, resisting an officer with violence, and grand theft, as charged. See Resp. Ex. A at 55-57, Verdicts; Tr. at 153-54. On October 2, 2007, the court sentenced Brown to a term of imprisonment of thirty years for count one, and terms of imprisonment of five years for counts two and three, all terms to run concurrently. Resp. Ex. A at 64-74, Judgment; 129-43, Transcript of the Sentencing. On March 27, 2008, Brown, with the benefit of counsel, filed a motion to correct illegal sentence. Resp. Ex. C at 1-8. The court denied the motion on May 8, 2008. Id. at 9-10.

Brown appealed, and, with the benefit of counsel, filed an initial brief, arguing that the trial court erred when it made findings that authorized the imposition of the prison releasee reoffender sentence, rather than submitting the issue to the jury

for its determination. Resp. Ex. D. The State filed an answer brief. Resp. Ex. E. On January 9, 2009, the appellate court affirmed Brown's conviction and sentence per curiam without issuing a written opinion, see Brown v. State, 998 So.2d 608 (Fla. 1st DCA 2009); Resp. Ex. F, and the mandate issued on January 27, 2009, see Resp. Ex. F. Brown did not seek review in the United States Supreme Court.

On March 12, 2009, Brown filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. G at 1-22. He later supplemented the motion. Id. at 23-32, 37-53. In his requests for post conviction relief, Brown asserted that the trial court lacked jurisdiction to enter a judgment and impose a sentence (ground one); his conviction was not supported by the testimony (ground four); and the newly-discovered sworn statement of Lieutenant Jack Clanton contradicts Clanton's trial testimony (ground five). Additionally, Brown asserted that counsel was ineffective because he failed to file a motion to dismiss the charges and advised Brown not to testify at trial (ground two), and failed to properly convey and advise Brown regarding plea offers from the State (ground three). The State responded. Id. at 102-03. The circuit court denied Brown's motion on May 17, 2011. Id. at 115-56. On appeal, Brown filed a brief, see Resp. Ex. H, and the State notified the court that it did not intend to file an answer brief, see Resp. Ex. I. On November 16,

2011, the appellate court affirmed the trial court's denial per curiam, see Brown v. State, 75 So.3d 720 (Fla. 1st DCA 2011); Resp. Ex. J, and the mandate issued on December 13, 2011. See Resp. Ex. J.

On January 13, 2012, Brown filed a pro se petition for writ of habeas corpus. Resp. Ex. K at 1-29. The trial court denied the petition on January 20, 2012. Id. at 30-49. On appeal, Brown filed a brief, see Resp. Ex. M, and the State notified the court that it did not intend to file an answer brief, see Resp. Ex. N. On June 20, 2012, the appellate court affirmed the trial court's denial per curiam, see Brown v. State, 91 So.3d 136 (Fla. 1st DCA 2012); Resp. Ex. O, and the mandate issued on July 17, 2012. See Resp. Ex. O.

### III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d); Response at 2 n.3.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent

facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Standard of Review

The Court will analyze Brown's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, 28 U.S.C. § 2254(d) "bars religation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S.Ct. 770, 784 (2011). As the United States Supreme Court stated, "AEDPA erects a formidable barrier to federal habeas relief for

5

prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S.Ct. 10, 16 (2013). This standard of review is described as follows:

> Under AEDPA, when the state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). "Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" Jones v. GDCP Warden, 753 F.3d 1171, 1182 (11th Cir. 2014) (quoting Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Id. (quoting Williams, 529 U.S. at 413, 120 S.Ct. 1495).
>
> For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court – not Supreme Court dicta, nor the opinions of this Court. White v. Woodall,- U.S. -, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014). To clear the § 2254(d) hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."

6

> Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011). "[A]n 'unreasonable application of' [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." Woodall, 134 S.Ct. at 1702 (quoting Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). A state court need not cite or even be aware of Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); accord Richter, 131 S.Ct. at 784.
>
> "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010) (citations and internal quotation marks omitted). And when a claim implicates both AEDPA and Strickland, our review is doubly deferential. Richter, 131 S.Ct. at 788 ("The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (citations and internal quotation marks omitted)). [A petitioner] must establish that no fairminded jurist would have reached the Florida court's conclusion. See Richter, 131 S.Ct. at 786-87; Holsey v. Warden, Ga. Diagnostic Prison, 694 F.3d 1230, 1257-58 (11th Cir. 2012). "If this standard is difficult to meet, that is because it was meant to be." Richter, 131 S.Ct. at 786....

Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1293-94 (11th Cir. 2014); see also Hittson v. GDCP Warden, 759 F.3d 1210, 1230 (11th Cir. 2014).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Hittson, 759 F.3d at 1232 ("[T]here is no AEDPA requirement that a state court explain its reasons for rejecting a claim[.]"); Richter, 131 S.Ct. at 785 (holding that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002). Thus, to the extent that Brown's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

### **VI. Findings of Fact and Conclusions of Law**

#### **A. Ground One**

As ground one, Brown asserts that the post conviction court violated his due process rights and abused its discretion when it summarily denied his Rule 3.850 motion as to ground five[1] without granting him an evidentiary hearing, at which Clanton (the victim)

---

[1] In ground five, Brown asserted that newly-discovered sworn assertions made by Lieutenant Clanton (a law enforcement officer and the victim of the aggravated battery) in a 2009 civil case contradict Clanton's September 11, 2007 trial testimony. Clanton and his wife initially filed a civil complaint in state court against J.C. Penney Corporation, Inc. (J.C. Penney), but J.C. Penney removed the state case to federal court. See Jack E. Clanton and Kathy B. Clanton v. J.C. Penney, Case No. 3:09-cv-530-J-TEM, Notice of Removal (Doc. 1), filed June 11, 2009. Ultimately, the parties settled the case, and Court dismissed the action with prejudice on May 25, 2010. See id., Order (Doc. 22), filed May 25, 2010.

8

would have testified that Robert Bauman (J.C. Penney's loss prevention officer) caused Clanton's injuries. See Petition at 5; P. Exs. A at 6, paragraphs 27, 28, 29; B at 57-59, 71; C. Brown argues that Clanton's sworn statements in his civil complaint and deposition "prove" that Brown is actually innocent of the aggravated battery since he did not cause Clanton's injuries.

To the extent that Brown raises challenges relating to the state collateral proceeding, such challenges do not state a basis for federal habeas relief. The Eleventh Circuit Court of Appeals "has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief." Carroll v. Sec'y, Dep't of Corr., 574 F.3d 1354, 1365 (11th Cir. 2009) (citations omitted). "The reasoning behind this well-established principle is straightforward:  a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment--i.e., the conviction itself--and thus habeas relief is not an appropriate remedy."  Id. (citations omitted).

Assuming that Brown intends to raise the same claim here that he raised in his Rule 3.850 motion, as ground five, in state court, his claim is sufficiently exhausted.[2] The trial court ultimately denied the Rule 3.850 motion relating to this issue, stating:

> In Defendant's fifth ground for relief, he alleges that newly discovered sworn evidence by witness Lieutenant Jack Clanton of

---

[2] Reply at 1-3; Resp. Ex. G at 37-40.

> the Clay County Sheriff's Department contradicts the testimony provided by the witness at trial. Having reviewed the transcript of the testimony provided by the witness at trial, the Court does not find the sworn statement[3] provided by the Defendant demonstrates that the witness has recanted his statement. (Exhibit "E," pages 48-65.)[4] Accordingly, Defendant's fifth ground for relief is denied.

Resp. Ex. G at 119-20. On Brown's appeal, the appellate court affirmed the trial court's denial per curiam, see Brown, 75 So.3d 720; Resp. Ex. J.

Assuming the appellate court affirmed the denial on the merits, there are qualifying state court decisions. Thus, the Court considers this claim in accordance with the deferential standard for federal court review of state court adjudications. After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Brown is not entitled to relief on the basis of this claim.

Moreover, even assuming the state courts' adjudications of this claim are not entitled to deference, Brown's claim is still

---

[3] See Resp. Ex. G at 43-52 (attached exhibit C).

[4] See Tr. at 48-65.

without merit. The trial court's conclusion is fully supported by the record. Brown asserts that Clanton's sworn statement in his 2009 civil complaint, filed against J.C. Penney in state court (and later removed to federal court), proves that Brown is innocent of the aggravated battery upon Clanton. In his civil complaint, Clanton asserted that Bauman, a J.C. Penney's employee, assisted in the apprehension of Brown by rushing toward Clanton and Brown and tackling both men to the ground. P. Ex. A at 5, paragraph 19. Clanton stated: "Robert Bauman's action of tackling [Clanton] and Perry Brown[] caused [Clanton] to lose his balance and fall flat on his back and hit his head on the cement sidewalk in front of the [J.C. Penney] store." Id., paragraph 20. Clanton asserted that Bauman violated J.C. Penney's policies and procedures for apprehending shoplifting suspects when he interfered with Clanton's apprehension of Brown. Id. at 6, paragraph 25. He stated: "The injuries suffered by the Plaintiff, Jack E. Clanton, were caused solely and proximately by the negligence of Defendant [(J.C. Penney)], and without any negligence on the part of the Plaintiff, Jack E. Clanton." Id., at 7, paragraph 28 (selected capitalization omitted).

At Brown's September 2007 trial, Clanton described his November 27, 2006 apprehension of Brown. He explained that he had Brown in "like a bear hug from the front[,]" holding "onto him with both arms wrapped around him." Tr. at 51, 59. According to Clanton,

Brown "was grabbing [Clanton] in the groin area continuously, pretty much holding on to that area pretty hard." Id. at 52, 54. While Clanton was bear hugging Brown and trying to keep him upright until backup assistance arrived, "[t]here was a force that hit" both men that "flipped" them up in the air. Id. at 52. Clanton landed on the back of his head with Brown on top of him. Id. at 52-54. Contrary to Brown's assertion, Clanton did not recant his trial testimony. Rather, Clanton asserted in his civil complaint that Defendant J.C. Penney was civilly liable and ultimately responsible for causing his injuries. It appears that Brown has confused Clanton's assertion of causation related to his negligence claim against Defendant J.C. Penney with Brown's criminal culpability as to the aggravated battery.

Moreover, the State presented ample evidence to support Brown's conviction for aggravated battery on a law enforcement officer. The Due Process Clause of the Fourteenth Amendment requires the State to prove each element of the offense charged beyond a reasonable doubt. Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997) (citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)). In reviewing the sufficiency of evidence, "this court must presume that conflicting inferences to be drawn from the evidence were resolved by the jury in favor of the State." Thompson, 118 F.3d at 1448 (citing Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1985)). Jackson v. Virginia "provides the federal due

process benchmark for evidentiary sufficiency in criminal cases." Williams v. Sec'y for Dep't of Corr., 395 F. App'x 524, 525 (11th Cir. 2010) (per curiam) (citing Green v. Nelson, 595 F.3d 1245, 1252-53 (11th Cir. 2010)). In accordance with this authority, the relevant question is whether any rational jury, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 319.

Thus, viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to support the conviction for aggravated battery on a law enforcement officer. Competent evidence of the elements of the offense was introduced at trial, and no due process violation occurred. The jury was entitled to believe the State witnesses, including the victim and eyewitness's accounts,[5] of what happened on the day in question. Therefore, Brown is not entitled to habeas relief as to ground one.

### B. Ground Two

As ground two, Brown asserts that the trial court erred when it summarily denied his Rule 3.850 motion without attaching portions of the record to refute his newly-discovered evidence claim, and that the appellate court erred when it failed to remand the case back to the trial court for attachments or for an evidentiary hearing. To the extent that Brown raises challenges

---

[5] See Tr. at 48-65, 66-89.

13

relating to the state collateral proceeding, such challenges do not state a basis for federal habeas relief. Moreover, the claim is without merit for the reasons stated with respect to ground one. See Section VI. A. Ground One.

### C. Ground Three

As ground three, Brown asserts that the trial court lacked jurisdiction to enter judgment because the prosecutor committed fraud when she failed to comply with Florida Rule of Criminal Procedure 3.140(g), thus violating Brown's federal constitutional rights. This claim presents an issue purely of state law that is not cognizable on federal habeas review. The purpose of a federal habeas proceeding is review of the lawfulness of Brown's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States.[6] Coleman v. Thompson, 501 U.S. 722, reh'g denied, 501 U.S. 1277 (1991). Brown's conviction and sentence do not violate the United States Constitution.

For a defective Information to be a cognizable claim in a federal habeas corpus action, the charging document must be so defective that it deprives the court of jurisdiction. DeBenedictis v. Wainwright, 674 F.2d 841, 842 (11th Cir. 1982) (citations

---

[6] A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

omitted) ("The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction.").

Under Florida law, the state circuit courts have jurisdiction over all felonies. See Fla. Stat. § 26.012(2)(d). Moreover, the Information filed in Brown's case, see Resp. Ex. A at 7-8, properly set forth the elements of aggravated battery on a law enforcement officer, resisting an officer with violence, and grand theft, and therefore met the minimum requirement for invoking the jurisdiction of the state circuit court. Additionally, the Information contains the required sworn oath of the Assistant State Attorney, certifying that the allegations in the Information "are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged," that the prosecution "is instituted in good faith," and "that testimony under oath has been received from the material witness(es) for the offense." Id. at 7. Such a sworn oath by the prosecutor that she received testimony under oath from the material witness(es) for the offense is sufficient pursuant to applicable Florida law. See Fla. R. Crim. P. 3.140(g).

Undoubtedly, the trial court had subject matter jurisdiction over Brown's case since the Information charged him with aggravated battery on a law enforcement officer, resisting an officer with violence, and grand theft in violation of Florida Statutes sections

15

784.07(2)(d), 843.01, and 812.014(2)(c). See Resp. Ex. A at 7. Thus, this ground does not warrant federal habeas relief. See Response at 9-11.

## VII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Brown seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Brown "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the

16

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Brown appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of April, 2015.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 4/9
c:
Perry O. Brown, #044515
Ass't Attorney General (McCoy)